IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RYAN D. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-91-WKW |
| ) | [WO] |
| JEFFERSON S. DUNN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' motion to dismiss. (Doc. # 53.) Having considered the filings of the parties, the court finds that Plaintiff's second amended complaint (Doc. # 50) fails to state a claim and that dismissal is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is due to be granted.

**I. JURISDICTION AND VENUE**

Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The parties do not contest personal jurisdiction or venue.

**II. STANDARD OF REVIEW**

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court "accept[s] as true the facts alleged in the complaint, drawing all reasonable inferences in the plaintiff's favor." *Est. of Cummings v. Davenport*, 906 F.3d 934, 937 (11th Cir. 2018) (alteration adopted). To survive Rule 12(b)(6) scrutiny, "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The well-pleaded factual allegations in the complaint, but not its legal conclusions, are presumed true. *Id.*

### III. BACKGROUND

In January 2017, Plaintiff Ryan Brown, an inmate in the Alabama Department of Corrections, complained of abdominal pain to the medical staff at Kilby Correctional Facility, where he was incarcerated. (Doc. # 50 at 9.) Plaintiff was hospitalized at Jackson Hospital on January 28, 2017 and diagnosed with gangrenous appendicitis. (Doc. # 50 at 9.) He stayed at the hospital until March 6, 2017. (Doc. # 50 at 9.) While at the hospital, he experienced several severe complications, requiring multiple surgeries. (Doc. # 50 at 9.)

On January 28, 2019, Plaintiff filed a complaint against the Alabama Department of Corrections; its Commissioner, Jefferson Dunn; its Associate

Commissioner for Health Services, Ruth Naglich;[1] the Warden of Kilby Correctional Facility, Phyllis Billups; and Kilby Correctional Facility's Director of Nursing, LaToya Strum. (Doc. # 1.) Plaintiff voluntarily dismissed his claims against the Alabama Department of Corrections, (Doc. # 5), and the individual Defendants moved to dismiss the claims against them. (Doc. # 11.)

On September 30, 2019, the court issued a memorandum opinion and order dismissing Plaintiff's complaint as failing to meet the applicable pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. (Doc. # 18.) The court noted that Plainitff's complaint failed to identify the acts attributable to each of the individual defendants and was supported in large part by allegations that were too conclusory and vague. (Doc. # 18 at 10.) Plaintiff was granted leave to amend, and he filed his amended complaint on October 29, 2019. (Doc. # 21.) A second amended complaint was filed on January 20, 2021, (Doc. # 50), and Defendants moved to dismiss the second amended complaint shortly thereafter. (Doc. # 53.)

---

[1] Dunn and Naglich are no longer ADOC's Commissioner and Associate Commissioner for Health Services, respectively. Under Rule 25(d) of the Federal Rules of Civil Procedure, Dunn and Naglich's respective successors are automatically substituted as defendants to any official capacity claims. Since no official capacity claims survive, however, substitution is unnecessary for purposes of this order.

## IV. DISCUSSION

There are two bases for granting the motion. First, Plaintiff has not alleged a sufficient causal connection between the acts of the individual defendants and the injuries he sustained. Second, Plaintiff has not alleged facts sufficient to show that his rights were clearly established at the time of their alleged violation.

### A. Applicable Legal Standards

#### 1. The Qualified Immunity Standard

"Although 'the defense of qualified immunity is typically addressed at the summary judgment stage of a case, it may be raised and considered on a motion to dismiss.'" *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)) (alteration adopted). "Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Id.* (quoting *St. George*, 285 F.3d at 1337).

"Government officials acting in their discretionary duties are entitled to qualified immunity from individual capacity suits. Qualified immunity protects them from suit unless they violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Charles v. Johnson*, 18 F.4th 686, 698 (11th Cir. 2021) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)) (citation omitted). Once the defendant establishes that he was acting within his

4

discretionary authority, the inquiry turns to (1) whether facts alleged in the complaint amount to a constitutional violation and (2) whether allegations amount to a violation of a *clearly established* constitutional right.

The Eleventh Circuit recently explained the standard for determining whether a right is clearly established:

> Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable officer would understand that what he is doing is unlawful. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent. The essential question here is whether the officer had fair warning that his actions were unconstitutional.
>
> This analysis is primarily conducted by looking at the binding case law of the Supreme Court and [the Eleventh Circuit].

*Charles*, 18 F.4th at 698 (cleaned up); *see also Reichle v. Howards*, 566 U.S. 658, 664 (2012) ("[E]xisting precedent must have placed the statutory or constitutional question beyond debate." (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741, (2011))); *Stephens v. DeGiovanni*, 852 F.3d 1298, 1315–16 (11th Cir. 2017) (holding that "relevant case law" is the default way to determine qualified immunity, but qualified immunity can still be defeated under the "narrow exception" where the actions were obviously unconstitutional).

### 2.     *The Eighth Amendment Standard*

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," which include "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The Constitution does not "dictate the general conditions that should exist in jails and prisons," *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1571 (11th Cir. 1985), but there are certain occasions where a condition of confinement will rise to the level of a constitutional violation.  First, the condition must be "sufficiently serious," such that a failure to remedy the situation "result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*  The seriousness of the risk has been called the "objective component" of the deliberate indifference standard. *Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020).

The second requirement, called the "subjective component," comes from the language of the Eighth Amendment.  Since the Eighth Amendment speaks of "punishments" and not "conditions of confinement," the "prison official must have a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  "[O]nly the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id.* (quoting *Wilson*, 501 U.S. at 297).  For

6

prison conditions cases, the prison official must display "deliberate indifference" to satisfy this standard. *Id.*

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837–38. If a prison official has this awareness of a risk of harm to an inmate, he violates the Eighth Amendment "by failing to take reasonable measures to abate" the risk. *Id.* at 847.

The Eleventh Circuit divides this subjective component into three elements: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Swain*, 961 F.3d at 1285 (quoting *Lane v. Philbin*, 835 F.3d 1302, 1308 (11th Cir. 2016)).

If both the objective and subjective components are met, then the final question asks whether there was causation between the indifference and the injury. *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016).

The Eighth Amendment does not require medical treatment to be "perfect, the best obtainable, or even very good." *Hoffer v. Sec'y, Fla. Dep't of Corrs.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th

Cir. 1991)). "Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris*, 941 F.2d at 1505 (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). "When evaluating medical care and deliberate indifference, security considerations inherent in the functioning of a penological institution must be given significant weight." *Keohane v. Sec'y, Fla. Dep't of Corrs.*, 952 F.3d 1257, 1275 (11th Cir. 2020) (quoting *Kosilek v. Spencer*, 774 F.3d 63, 83 (1st Cir. 2014)).

**B.     Causal Connection**

Plaintiff's complaint contains very few allegations regarding the particular acts of the individual defendants. Plaintiff generally asserts that the individual defendants are responsible for providing medical care to inmates. (Doc. # 50 at 2–3.) Plaintiff asserts that Defendants Dunn and Naglich "have long, over the years, underfunded medical health care within the Alabama state prison system," (Doc. # 50 at 5), and that "ADOC under . . . Dunn and Naglich has a policy and practice of failing to provide prisoners such as the plaintiff with adequate medical care . . . ." (Doc. # 50 at 7.) Plaintiff asserts that the leadership of Kilby Correctional Facility was deliberately indifferent in failing to maintain a sufficient medical staff and in failing to adopt a requisite preventative health care plan. (Doc. # 50 at 8.)

8

Even taking Plaintiff's allegations as true, and even assuming that the acts of Defendants were deliberately indifferent to the medical needs of some prisoners in their care, Plaintiff has not provided sufficient facts to support a plausible inference that Defendants' misconduct contributed to *his* injuries. Plaintiff's allegations indicate that he complained to medical staff in January 2017 regarding abdominal pain and that he was hospitalized from January 28, 2017, through March 6, 2017. (Doc. # 50 at 9.) If he is complaining about a delay in medical treatment, there is no allegation indicating the length of the delay or any allegation indicating how more medical staff or better funding would have reduced the delay in any way. If he is complaining about the quality of care after treatment started, there is no allegation indicating how more medical staff or better funding would have improved the treatment. Plaintiff appears to have suffered severe complications, but there is no basis in the allegations for concluding that the complications were in any way due to the acts of Defendants.

It is well-established that medical treatment does not need to be "perfect, the best obtainable, or even very good." *Hoffer*, 973 F.3d at 1271 (quoting *Harris*, 941 F.2d at 1510). Without identifying a particular aspect of his appendicitis treatment that was deficient, Plaintiff cannot assert generally that his presence in an underfunded prison at the same time as his emergency gives rise to a claim under the United States Constitution. The allegations indicate that Plaintiff received

9

extensive treatment and multiple surgeries shortly after he complained to medical staff. These allegations cannot support a claim of deliberate indifference. Accordingly, the complaint fails to allege a plausible Eighth Amendment claim.

C. **Failure to Cite On-Point Sources of Law**

Plaintiff's failure to articulate and support a viable theory of causation contributes to his failure to identify on-point sources of law. With only vague theories of liability, Plaintiff only presents vague sources of law, which is insufficient to overcome qualified immunity.

The Supreme Court has forbidden courts from assessing whether a right has been clearly established "at a high level of generality," *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011), and the Eleventh Circuit has held that a plaintiff must cite relevant law in order to show how the violation was apparent to the officers. *See Charles*, 18 F.4th at 698; *Hampton v. Hamm*, No. 2:20-CV-385-WKW, 2022 WL 69214, at *8 n.10 (M.D. Ala. Jan. 6, 2022). The law cited by a plaintiff similarly must not operate "at a high level of generality."

Plaintiff's response to the motion to dismiss identifies six cases which he asserts have clearly established the right that he seeks to vindicate: *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hearn v. City of Gainesville*, 688 F.2d 1328, 1333 (11th Cir. 1982); *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700 (11th Cir. 1985); *Harris*

*v. Thigpen*, 941 F.2d 1495 (11th Cir. 1991); *King v. Kramer*, 680 F.3d 1013 (7th Cir. 2012); and *Dunn v. Dunn*, 219 F. Supp. 3d 1100 (M.D. Ala. 2016).

In general, only binding cases from the Supreme Court or a federal court of appeals can serve to clearly establish a right. *Charles*, 18 F.4th at 698. Thus, the citations to a Seventh Circuit case and to a district court case are mostly unhelpful. Only the district court case discusses the potential unconstitutionality of medical delays or improper treatment from lack of funding or staffing, *see Dunn*, 219 F. Supp. 3d at 1108, but that case—besides not being binding—solely relates to mental health treatment and the particular staffing and treatment needs demanded in that area. It does not clearly establish a timeline or level of treatment for appendicitis.

Again, Plaintiff's failure to allege any particular deficiencies in the timeline or level of treatment for his appendicitis defeats his claim. The lack of detail in his complaint has led to Plaintiff's inability to cite any source of law that clearly establishes a particular right that was purportedly violated. He has thus failed to meet his burden to overcome qualified immunity.

## V. CONCLUSION

Because Plaintiff has twice been given leave to amend (Docs. # 8, 46), and because further amendment would be futile, it is ORDERED that Defendants' motion to dismiss (Doc. # 53) is GRANTED and Plaintiff's claims are DISMISSED with prejudice.

An appropriate final judgment will be entered separately.

DONE this 31st day of March, 2022.

                                            /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE